## NATIONAL PHONOGRAPH CO. v. AMERICAN GRAPHOPHONE CO. et al.

### (Circuit Court, D. Connecticut. March 30, 1905.)

### No. 1,166.

1. PATENTS—INJUNCTION—WHEN GRANTED.

Courts must refuse a preliminary injunction, on affidavits alone, against the conjoint use of two patents, one of which has expired by reason that it was originally taken out both at home and abroad, and its life expired with the term of the foreign patent, which was first taken out, and the other and broader of which has not been adjudicated in the courts as to its features of invention, upon a seriously contested hearing on the merits.

2. SAME—DISSOLUTION—DAMAGES.

The neglect to disclose to the court the fact of the expiration of one of the patents sued upon at the time of obtaining the restraining order is sufficient ground for giving actual damages to the defendant for injuries to its business caused thereby.

(Syllabus by the Court.)

In Equity. On motion for preliminary injunction, and counter motions to vacate indemnity bond and for other relief.

Dyer & Dyer, for complainant.

Philip Mauro and C. A. L. Massie, for defendants.

PLATT, District Judge. It is my impression that the license agreement of December 7, 1896, was intended to maintain the status quo ante of the parties thereto, to the extent that their special types of machines should remain distinct. A license under the earlier patent, No. 397,280, was positively refused and deliberately omitted. If I am wrong, it is inexplicable that the defendant failed to take advantage of claims 15, 16, 18, and 20 of patent No. 430,278, under which patent it claims to have held since the date of that contract an absolute right

to use every feature found in any of its claims; waiting patiently until the American patent became public property by reason of the expiration of foreign patents for the same construction. It appears to be generally conceded that the construction now adopted by the defendants is the better one, and mingles the types, which have in fact been heretofore kept distinct. It is also conceded that said construction is a Chinese copy of the improvements suggested by the claims of the later patent, which there has been an attempt to put in issue. Such a bargain, however, in its very nature, could not outlast the life of the patent; and, if its construction is open to the world, the defendants cannot be the only ones restricted from using it. The real question at issue is whether letters patent No. 397,280 so controls the situation that no one except the complainant is at liberty to use the special features involved in claims 15, 16, 18, and 20 of the expired patent, No. 430,278. This matter cannot be determined on affidavits. Indeed, it is not apparent that counsel for complainant can hope for such action, since they deemed it important to base their demand for relief upon a conjoint use by defendants of the claims of both patents. The order for preliminary injunction is refused.

It goes with the saying that, if the attention of the court at the ex parte hearing had been directed to the now admitted fact that the monopolistic grant of patent 430,278 had expired, neither a restraining order, nor a hearing upon preliminary injunction, would have been granted. The defendants not only demand that the indemnity bond shall be vacated, but that very drastic measures shall be taken toward the complainant. Reflections upon the situation created by the ex parte hearing have caused me very many unpleasant half hours. Now that it is again faced, and dispassionately examined, I am compelled to give the complainant and its counsel the benefit of the doubt. During my years in the profession I acquired a respect for the integrity and high character of the patent bar, and my acquaintance with its members since my present position has brought me into contact with so many of them, from so widely separated parts of the country, has intensified that respect, and esteem has been added thereunto in large measure. I am unable to accept the belief that a malicious motive inspired the action which was taken. The restraining order was almost instantly revoked, and it would seem that no considerable harm, except trouble and expense, can have befallen the defendants, especially when the present attitude of the court shall become publicly known. At best, however, the charge of carelessness against the complainant cannot be eliminated from the proceedings.

The indemnity bond may be vacated, and let the proper order be issued, directing the complainant to pay the defendants, within 30 days, the sum of $500, as compensation for the damage and expense caused to defendants by procuring the issuance of the restraining order and the hearing on preliminary injunction.

The matter of contempt may remain in abeyance, awaiting the outcome of the above order.